## National Time Recorder Co. v. Eugene J. Feypel.

1. CONTRACTS—*Waiver of Rights for the General Advantage of All Parties.*—Where several creditors join in an agreement with their common debtor, and in so doing give up their present rights for the general advantage, no other consideration need be shown, and all are bound, unless it can be shown that the debtor has refused to fulfill his part of the agreement.

2. SAME—*To Postpone the Performance of an Agreement.*—A mutual agreement between parties to postpone the performance of a contract is effectual, the promise of the one being a consideration for that of the other.

**Assumpsit,** for wages. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed January 29, 1901.

WILLIAM E. FREER, attorney for appellant.

MORTON G. SMITH, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

As is said by appellee in his brief:

" The only question at issue in this case is, whether the appellee is entitled to sue and recover judgment for the amount of wages admitted to be due him from the appellant, or whether he is precluded from enforcing this right by reason of an alleged agreement introduced in evidence by the appellant."

The agreement so referred to is in writing, and as follows:

" Articles of agreement made and entered into this 5th day of October, 1897, by and between E. J. Feypel, C. W. Crary & Sons Co. and J. J. Busenbenz, of Chicago, Illinois, as respective individual parties, and the National Time Recorder Co., a corporation legally created by and under the laws of the State of Illinois, with principal office at Chicago, Illinois, as second party, witnesseth :

Whereas, said individual parties claim to hold respectively as follows:

E. J. Feypel........................ $ 222 00
C. W. Crary & Sons Co............... 2,032 86
J. J. Busenbenz.................... 502 42

contingent charges against said second party corporation, to be paid some time in the future, amounting in the aggregate to the sum of $2,757.28, and,

Whereas, said individual parties are not desirous of loading down said second party corporation, while its credit is being established, with the weight of these aggregate claims, it is therefore agreed by all parties subscribed hereto, that these aforesaid claims shall be paid only from first cash dividends of stock, and that the ten thousand dollars ($10,000) treasury stock be not required to contribute *pro rata* to the payment of said sum or sums.

> Jacob J. Busenbenz,
> C. W. Crary & Sons Co.,
> Hamilton Crary, Vice Pres.,
> Eugene J. Feypel,
> National Time Recorder Co.
> J. J. Busenbenz, Pres., 240 and 246 W. Lake St."

The $222 set opposite the name of appellee in the agreement is the full amount of wages that was due him from appellant and is the amount claimed by him in his suit, and he recovered judgment for that sum.

It is apparent from the terms of the agreement that the claims mentioned were, for reasons stated in the agreement, to be treated as contingent charges against the company, that is to say, were not to be paid until after the company had earned enough for a cash dividend out of which they might be paid.

It was proved that the company had never paid any cash dividend, or earned any money that could be legitimately applied to the declaring and paying of one.

It sufficiently appears that the signers of the agreement were creditors of the company, and it was offered to be shown that they were the principal shareholders as well; but the offer was refused. Their agreement with each other, and all with the company, needed no other consideration to support it than their respective promises.

We understand the rule to be that where several creditors join in an agreement of this kind with their common

debtor, and in so doing give up their present rights for the general advantage, no other consideration need be shown— the consideration to each creditor being the undertaking by the others—and all are bound, unless it can be shown that the debtor has refused to fulfill his part of the agreement. See Good v. Cheesman, 22 Eng. Com. Law, 142; and see, also, note on page 612 of Cumber v. Wane, 1 Smith's Leading Cases, 606. "And if parties mutually agree to postpone the performance of a contract, this is effectual, the promise of the one being a consideration for that of the other." Bishop on Contracts, Sec. 76.

As against the effect of the agreement and the proof that the contingency therein named had not happened, we are unable to see any ground for the recovery that was had. There was no conflict in the material evidence, and the verdict is plainly against the law and the evidence. The jury ought to have been instructed, as was asked by appellant, to find for the defendant (appellant).

The judgment will be reversed and the cause remanded.